IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
Tacoma Division

| | |
|---|---|
| VIVEK SARASWAT,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve: USCIS<br>      Office of the Chief Counsel<br>      5900 Capital Gateway Drive<br>      Mail Stop 2120<br>      Camp Springs, MD 20588-0009<br><br>JOSEPH B. EDLOW, Director of the United States Citizenship and Immigration Services,<br><br>Serve: USCIS<br>      Office of the Chief Counsel<br>      5900 Capital Gateway Drive<br>      Mail Stop 2120<br>      Camp Springs, MD 20588-0009<br><br>and,<br><br>TERRI ROBINSON, Director of the National Benefits Center at USCIS,<br><br>Serve: Terri Robinson<br>      USCIS<br>      850 NW Chipman Rd, Suite 5000<br>      Lee's Summit, MO, 64063<br><br>  Defendants. | Case No. |

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS

Plaintiff Vivek Saraswat respectfully requests that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

### PARTIES

1. Plaintiff Vivek Saraswat is a citizen of India.

2. Plaintiff resides in Vancouver, WA.

3. Plaintiff's Alien Number is 129-819-700.

4. Plaintiff Vivek Saraswat's employer filed an I-140 Petition for Alien Worker on or about August 18, 2022 on Vivek Saraswat's behalf. Defendants assigned Receipt Number LIN2228851111 to the I-140 case.

5. Defendants approved the I-140 petition on or about August 24, 2022. The priority date is August 18, 2022. This approval rendered Vivek Saraswat eligible to adjust status.

6. Plaintiff Vivek Saraswat filed an I-485 Application for Adjustment of Status on October 28, 2022. Defendants assigned Receipt Number MSC2390078039 to Plaintiff's I-485 case.

7. The U.S. Citizenship and Immigration Services completed the fingerprinting and photographing of Vivek Saraswat on December 7, 2022, as part of the processing of the pending application.

8. Since then, the Defendants have taken no action on the pending adjustment application. The Defendants have refused and continue to refuse to take further action and make a decision on the case.

9. Since Vivek Saraswat filed the application with USCIS, he has made repeated

requests to have the case finally adjudicated.

10.     Despite numerous calls to the U.S. Citizenship and Immigration Services and their attempts to prompt movement on the case, Vivek Saraswat's application to adjust status has remained pending far longer than is reasonable.

11.     USCIS has refused to adjudicate Vivek Saraswat's application in accordance with applicable legal criteria.

12.     Plaintiff brings this action to compel the USCIS to finally adjudicate the pending application as required by law.

13.     Defendant United States Citizenship and Immigration Services ("USCIS") is the component of the U.S. Department of Homeland Security ("DHS") that is responsible for processing adjustment of status applications.

14.     Defendant Joseph B. Edlow, Director of the USCIS, is the highest-ranking official within the USCIS. Joseph B. Edlow is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Joseph B. Edlow is sued in an official capacity as an agent of the government of the United States.

15.     Defendant Terri Robinson is the Director of the USCIS National Benefits Center and is sued only in an official capacity, as well as any successors and assigns. The National Benefits Center at USCIS has jurisdiction over applications for adjustment of status for immigrants in Vancouver, WA, where Plaintiff resides. Terri Robinson is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Terri Robinson is sued in an official capacity as an agent of the government of the United States. Upon information and belief, the case is pending in this office.

**JURISDICTION AND VENUE**

16.     This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

17.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff resides within this district.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

18.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

19.     The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

20.     The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

21.     Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

22. The combined delay and failure to act on Vivek Saraswat's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

23. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

24. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS.

25. Plaintiff also sent letters to Congresswoman Marie Gluesenkamp-Perez, Senators Patty Murray and Maria Cantwell. All to no avail.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

26. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

27. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

28. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

29. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the

ability to sponsor family members for residence in the U.S., and in various other ways.

30. Furthermore, the prolonged delay has resulted in significant professional, financial, and emotional hardship to Plaintiff. The continued uncertainty of remaining in temporary status restricts Plaintiff's ability to make long-term career decisions. Certain leadership opportunities and strategic roles require the stability of permanent residence, including eligibility for security clearance in sensitive technology areas. Financially, the absence of permanent resident status prevents Plaintiff from making major life decisions, including long-term investments, home ownership planning, and comprehensive retirement planning. Emotionally, living in prolonged uncertainty has taken a meaningful toll. The inability to plan his future with stability has created sustained stress for Plaintiff and his family.

## REQUEST FOR RELIEF

FURTHERMORE, Plaintiff Vivek Saraswat requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Vivek Saraswat's application to adjust status within sixty days;

3. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Vivek Saraswat;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action he may take to accelerate processing of the application to adjust status;

5. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

6.      Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**March 16, 2026**

***/s/ Nicholas Power***
Nicholas Power
The Law Office of Nicholas Power, PLLC
540 Guard St. Ste. 150
Friday Harbor, WA 98250
360.298.0464
nickedpower@gmail.com

***/s/ Christina Sullivan Castro***
Christina Sullivan Castro
CA B# 328326
Hacking Immigration Law, LLC
10121 Manchester Rd, Suite A,
St. Louis, MO 63122
Telephone: (314) 961-8200
Facsimile: (314) 961-8201
E-mail: csullivan@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**